# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THOMAS W. ORR, ET AL.,**<br>Plaintiffs,<br>vs.<br>**U.S. BANK NATIONAL ASSOCIATION,**<br>Defendant. | CASE NO. 18-cv-04407-YGR<br><br>**ORDER RE: DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br>Re: Dkt. No. 17 |

Now before the Court is the motion to dismiss plaintiffs' first amended complaint (Dkt. No. 15 ("FAC")), pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7), filed by defendant U.S. Bank National Association as Trustee for Citigroup Mortgage Loan Trust 2007-WFHE3, Asset-Backed Pass-Through Certificates, Series 2007-WFHE3 ("U.S. Bank"). (Dkt. No. 17 ("MTD").) Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court **GRANTS** U.S. Bank's motion under Rule 12(b)(7).

## I. BACKGROUND

The following facts are based on the allegations of plaintiffs' FAC and judicially noticeable documents:[1]

In February 2007, plaintiffs executed a Deed of Trust as a security for a $735,000.00

---

[1] In connection with its motion to dismiss, U.S. Bank requests that the Court take judicial notice of documents which are either (i) publicly recorded in Sonoma County, or (ii) on file with the United States Bankruptcy Court, Northern District of California. (Request for Judicial Notice in Support of U.S. Bank's Motion to Dismiss Plaintiffs' First Amended Complaint ("RJN"), Dkt. No. 17-2.) These documents are all available publicly. Accordingly, the Court **GRANTS** U.S. Bank's unopposed request to take judicial notice of these public records. *See Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001) (noting "a court may take judicial notice of matters of public record" and documents whose "authenticity . . . is not contested" and upon which a plaintiff's complaint relies) (internal quotation marks omitted); *see also* Fed. R. Evid. 201(b)(2). The Court shall afford the documents their proper evidentiary weight.

mortgage loan (the "Loan"), encumbering the real property located at 1177 Cox Street, Sonoma, California 95476 (the "Subject Property"). (*Id*. ¶ 3; RJN Exh. A ("DOT"), Dkt. No. 17-3.) The Deed of Trust identified plaintiffs as the borrowers, Wells Fargo Bank, N.A. ("Wells Fargo") as the lender, and Fidelity National Title Insurance Company as the trustee. (DOT at 1–2.) Wells Fargo transferred its beneficial interest under the Deed of Trust to U.S. Bank by Corporate Assignment of Deed of Trust on October 11, 2011. (RJN Exh. B, Dkt. No. 17-4 ("Corporate Assignment").) Plaintiffs allege that the Corporate Assignment is "wholly void or voidable and cannot be the basis for a claim of beneficial ownership of the Deed of Trust." (FAC ¶ 3.)

On December 11, 2012, Wells Fargo, as attorney in fact for U.S. Bank, executed a Substitution of Trustee, substituting Northwest Trustee Services, Inc. ("Northwest") as the trustee under the Deed of Trust. (RJN Exh. D, Dkt. No. 17-6.) That same day, Northwest recorded a Notice of Default, which stated that plaintiffs were $54,563.29 behind on their Loan payments. (RJN Exh. C, Dkt. No. 17-5.) On March 19, 2013, Northwest recorded a Notice of Trustee's Sale with respect to the Subject Property, which announced a foreclosure sale date of April 11, 2013. (RJN Exh. E, Dkt. No. 17-7.)

In a Grant Deed recorded on March 11, 2014, plaintiffs conveyed title to the Subject Property to themselves, along with six other individuals who are not parties to the Deed of Trust, namely, Jose A. Hernandez, David Laurie, Elen Laurie, Lisa Thompson, Joshua Thompson, and Jose M. Gonzalez (together, the "Third-Party Transferees"). (RJN Exh. F ("Grant Deed"), Dkt. No. 17-8.) Two of the Third-Party Transferees, Lisa Thompson and Joshua Thompson, had a Chapter 13 bankruptcy action pending in the United States Bankruptcy Court for the Northern District of California. (*See* RJN Exh. G, Dkt. No. 17-9.) On February 10, 2017, U.S. Bank filed a Motion for Relief from Automatic Stay in the Thompsons' bankruptcy case, which the bankruptcy court granted on March 6, 2017. (*Id*. at ECF pp. 19–20; *see also* RJN Exh. H, Dkt. No. 17-10.)

A second Notice of Trustee's Sale was recorded on February 9, 2018, announcing a foreclosure sale date of March 9, 2018. (RJN Exh. I, Dkt. No. 17-11.) The Notice of Trustee's Sale indicated an amount of unpaid balance and other charges of $1,026,063.34. (*Id*.)

Plaintiffs filed their initial complaint for cancellation of instruments in the Superior Court

1   of the State of California, County of Sonoma on June 19, 2018. (*See* Dkt. No. 1-1 at ECF pp.
2   8–12.) Thereafter, on July 20, 2018, U.S. Bank removed the action to this Court based upon
3   diversity of citizenship. (Dkt. No. 1.) Plaintiffs subsequently filed their FAC on September 7,
4   2018, which includes allegations related to the foreclosure sale which they allege took place on
5   September 4, 2018 and asserts two causes of action against U.S. Bank and Does 1 to 10: (i)
6   cancellation of instruments; and (ii) wrongful foreclosure. (*See generally* FAC.) According to
7   plaintiffs, U.S. Bank purchased the Subject Property at the sale by "credit bid." (*Id*. ¶ 5 (internal
8   quotation marks omitted).)

**II.     DISCUSSION**

Federal Rule of Civil Procedure 12(b)(7) permits a party to move for dismissal due to failure to join a necessary party under Federal Rule of Civil Procedure 19. *See* Fed. R. Civ. P. 12(b)(7); *Paiute-Shoshone Indians of Bishop Cmty. of Bishop Colony, Cal. v. City of L.A.*, 637 F.3d 993, 1002 (9th Cir. 2011). In order to determine whether dismissal is appropriate, the Court engages in "three successive inquires." *E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005). First, the district court must determine whether the absent party is a "required" party. *Id.*; *see also* Fed. R. Civ. P. 19(a). A party is required if "in that person's absence, the court cannot accord complete relief among existing parties"; or if "that person claims an interest relating to the subject of the action and is so situated such that disposing of the action" would either "impair or impede the person's ability to protect the interest" or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1).

The matters judicially noticeable here reveal that plaintiffs and the Third-Party Transferees hold title to the Subject Property as co-owners. (*See* Grant Deed.) Plaintiffs' interest in the Subject Property as well as the claims asserted in this action are thus parallel to those of the Third-Party Transferees. However, plaintiffs seek a "judicial determination and declaration of their rights with respect to the Subject Property and its underlying Note and Deed of Trust[.]" (FAC ¶ 7.) This requested relief regarding plaintiffs' "rights with respect to the Subject Property" would necessarily impede the Third-Party Transferees' ability to protect any property interest they

3

may have in the Subject Property. Further, U.S. Bank would be at risk of multiple and potentially inconsistent obligations without the Third-Transferees' participation. Accordingly, the Third-Party Transferees are "required" as plaintiffs pursuant to Rule 19(a). *See, e.g., Trinh v. Citibank, NA*, No. 5:12-cv-03902 EJD, 2012 WL 6574860, at *2 (N.D. Cal. Dec. 17, 2012) (concluding that joinder of plaintiff's husband, the co-borrower, was required because the husband's "absence from this action would necessarily impair his ability to protect his interest" where plaintiff sought a "declaration that the title to the Subject Property is vested in Plaintiff alone"); *Edwards v. Fed. Home Loan Mortg. Corp.,* No. C 12-04868 JSW, 2012 WL 5503532, at *3 (N.D. Cal. Nov. 13, 2012) (holding that the plaintiff's husband, a co-borrower on the underlying loan, was a necessary and indispensable party because "Plaintiff's interest in the Property and her claims asserted regarding the foreclosure are coterminous with [her husband's] interest and claims. If [her husband] is not joined as a party, Defendants have a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of Plaintiff's and [her husband's] mutual interests relating to the Property.").

The Court must next consider whether the Third-Party Transferees' joinder is feasible. "Rule 19(a) sets forth three circumstances in which joinder is not feasible: when venue is improper, when the absentee is not subject to personal jurisdiction, and when joinder would destroy subject matter jurisdiction." *Peabody W. Coal Co.*, 400 F.3d at 779. Here, plaintiffs do not argue, and the Court thus does not find any reason, why joinder of the Third-Party Transferees would not be feasible. Indeed, plaintiffs' opposition brief completely ignores U.S. Bank's argument regarding dismissal due to plaintiffs' failure to join necessary parties pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19.[2]

Accordingly, U.S. Bank's motion to dismiss under Rule 12(b)(7) for failure to join necessary parties is **GRANTED**.[3]

---

[2] Accordingly, the Court does not address the third inquiry, under which a court must determine, *if joinder is not feasible*, whether the case can proceed without the absentee. *Peabody W. Coal Co.*, 400 F.3d at 779.

[3] In light of the Court's ruling, the Court need not address U.S. Bank's motion to dismiss for failure to state a claim. However the Court understands that, in the event plaintiffs file a

4

## III. CONCLUSION

In accordance with the foregoing, U.S. Bank's motion to dismiss for failure to join necessary parties is **GRANTED**. U.S. Bank's motion to dismiss for failure to state a claim is **DENIED AS MOOT**. Should plaintiffs elect to file a Second Amended Complaint, they must do so no later than **twenty-one (21) days** from the date of this Order and must either join all necessary parties or indicate why doing so is not feasible under Federal Rule of Civil Procedure 19(c).

This Order terminates Docket Number 17.

**IT IS SO ORDERED.**

Dated: January 8, 2019

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

Second Amendment Complaint, they intend to "remove the 'securitization' argument, as well as the pre-foreclosure facts, and focus the Second Amended Complaint solely on the issue of the right of U.S. Bank, N.A., as Trustee to make a 'credit bid' when they [*sic*] were not the 'present beneficiary' of the NOTE on the date of the Trustee's Sale." (Dkt. No. 18 ("Opp.") at 6.) Removal of the securitization argument is prudent given that California courts have held that under New York law, which governs the Pooling and Servicing Agreement ("PSA") here, an untimely assignment to a securitized trust made after the trust's closing date is "merely voidable," not void. *Saterbak v. JP Morgan Chase Bank, N.A.*, 245 Cal. App. 4th 808, 815 (2016); *see also Morgan v. Aurora Loan Servs., LLC*, 646 F. App'x 546, 550 (9th Cir. 2016) ("[A]n act in violation of a trust agreement is voidable—not void—under New York law[.]"). Thus, plaintiffs lack standing to challenge the alleged securitization defects. However, to the extent any amended complaint hinges on the theory that "[o]nly the holder of the original wet-ink Note is entitled to make a credit bid," (Opp. at 4), that theory does not persuade. Namely, the California Civil Code "provide[s] a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust." *Moller v. Lien*, 25 Cal. App. 4th 822, 830 (1994). "In such a sale, no party needs to physically possess the promissory note." *Christopher v. First Franklin Fin. Corp.*, No. 10CV17 DMS (CAB), 2010 WL 1780077, at *2 (S.D. Cal. Apr. 30, 2010) (rejecting allegation that promissory note was separated from the deed of trust).